**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORENZO A. ALEXANDER,

Petitioner - Appellant,

v.

GARY WATKINS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 02-1171
(D.C. No. 01-Z-2356)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Lorenzo Alexander's *pro se* request for a certificate of appealability ("COA"). Alexander seeks a COA so he can appeal the district court's dismissal of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Alexander's request to proceed *in forma pauperis* on appeal is granted.

Alexander was convicted in Colorado state court of first degree murder, felony murder, aggravated robbery, attempted aggravated robbery, and robbery. Alexander's conviction was affirmed on November 18, 1999 by the Colorado Court of Appeals. On September 2, 2000, the Colorado district court denied Alexander's motion for post-conviction relief. Alexander then filed the § 2254 petition with the federal district court.

The district court dismissed Alexander's § 2254 petition because it was filed outside the one-year limitations period set out in 28 U.S.C. § 2244(d). *See* 28 U.S.C. §2254(d)(1) (providing that the one-year period begins to run on the date petitioner's conviction became final). The court reasoned that Alexander's convictions became final on August 1, 2000. The one-year limitations period was tolled from August 3, 2000 through September 6, 2000 while Alexander pursued state post-conviction relief. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 & n.4 (10th Cir. 1998). The district court applied the prison mailbox rule and

-2-

deemed Alexander's § 2254 petition filed on November 21, 2001. *See Houston v. Lack*, 487 U.S. 266, 270. (1988). Thus, Alexander's petition was filed approximately fourteen months after the one-year period began to run. The district court further concluded that none of the bases for equitable tolling asserted by Alexander constituted an extraordinary circumstance that warranted equitable tolling.

Before he is entitled to a COA from this court, Alexander must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Alexander may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Alexander asserts that the statute should be equitably tolled because his appellate attorney failed to inform him of the one-year limitations period; he is illiterate and, therefore, was unaware of the limitations period; and that information on the AEDPA is unavailable in the prison's law library.

Equitable tolling is only appropriate "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). No such extraordinary circumstance is present in

this case. "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id*. at 1120 (quotation omitted). Thus, Alexander's assertions concerning his appellate counsel and his illiteracy (most of which are unsupported in the record) are insufficient to justify equitable tolling. Additionally, Alexander has failed to carry his burden of demonstrating that his prison library hindered his efforts to pursue a legal claim with adequate facts supported by the record. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Alexander's conclusory declarations about conditions in the prison library are the only support for his allegations concerning the library and, as such, are insufficient to establish the existence of an extraordinary circumstance sufficient to support equitable tolling. *See id*. (holding that a petitioner must do more than simply say the prison "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate").

This court has reviewed Alexander's application for a COA, his appellate brief, and the entire record on appeal. That *de novo* review clearly demonstrates the district court's dismissal of Alexander's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** Alexander's request for a COA for substantially

-4-

those reasons set forth in the district court's order dated March 22, 2002, and **dismisses** this appeal. Alexander's motion for appointment of counsel is **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge